## In re Dickinson

*A. L. Phillips,* for petitioner.

GELFAND, *J.,* January 18, 1978 — The matter before this court involves the petition of one Robert Dickinson, also known as Roberta Dickinson (hereinafter called "Dickinson") praying for a decree changing her name to Roberta Dickinson and legally ruling that her sex has been changed from male to female.

The facts indicate that for many years Dickinson was aware that she was a transsexual and, as a result, suffered great psychological and emotional distress. In 1974, she shed her male identity and began to appear in public as a woman. In 1975, she assumed the name "Roberta" to signify her new sexual status and subsequently obtained identification in her new name from the Social Security Administration, the Pennsylvania Bureau of Employment Security, Department of Public Assistance and the Philadelphia Voter Registration Division. She has used the name "Roberta" consistently, exclusively and nonfraudulently during the past two years.

During the aforementioned period, Dickinson received psychiatric counseling from physicians at Friends Hospital and West Philadelphia Community Mental Health Consortium, and, in April, 1976, both physicians recommended she receive sex reassignment surgery for mental health reasons.

On December 6, 1976, Dickinson underwent sex reassignment surgery, which operation was successful, resulting in her assuming the anatomic structures and sexual function of a female.

On January 10, 1978, Dickinson appeared before this court requesting that her name and sex be legally changed to reflect her new emotional and physiological status. In addition, since Dickinson was born in the State of Indiana, she requested that this court request the Indiana State Board of Health to amend her birth certificate to reflect same, in keeping with the requirements of that jurisdiction.

Although this matter is one of first impression in the Commonwealth of Pennsylvania, it is this court's view that, where one has acquired an emotional, psychological and physiological change

from one sex to another, which has been confirmed by competent psychiatric and medical testimony, there is sufficient basis as already indicated in the law of other jurisdictions for us to direct same in Pennsylvania. See Richards v. U.S. Tennis Association et al., N. 77 on Ca. of 8/10/77, N.Y.C. Supreme Court, filed August 16, 1977; M.T. v. J.T., 140 N.J. Super. 77, 355 A.2d 204 (1976).

In M.T. v. J.T., supra, in language that we can easily accept, the Superior Court of New Jersey specifically stated: "In so ruling we do no more than give legal effect to a fait accompli, based upon medical judgment and action which are irreversible. Such recognition will promote the individual's quest for inner peace and personal happiness, while in no way disserving any societal interest, principle of public order or precept of morality." 140 N.J. Super. at 90.

Upon careful consideration of the memorandum attached hereto, and the aforementioned cases, we have concluded that, even if Dickinson had been born in Pennsylvania and the request were to amend a birth certificate of this State rather than one of Indiana, we would still have concluded that there would be no gainful purpose served in denying same, thus precluding an individual from assuming legally the sex he or she has already acquired surgically and to a medical certainty. Indeed, had the instant matter concerned same, we would have had no hesitation in directing the proper authorities to amend the birth certificate of this State nor would we hesitate to do so under appropriate circumstances of such nature.

Accordingly, January 18, 1978, upon hearing argument on January 10, 1978, and considering

briefs, exhibits and proof of publication, and it appearing that there is no legal objection to the granting of petitioner's prayer, it is hereby ordered and decreed that: (1) The name of petitioner, Robert Dickinson, be and is changed to Roberta Dickinson; (2) the sex of petitioner has been changed to and is legally recognized as female.

The Indiana State Board of Health is requested to change the name and sex of the petitioner on her birth record in conformity with this order.